**Carrillo Law, PLLC**
4340 E Indian School Rd Ste 21-587
Phoenix, AZ 85018
Gina Carrillo (AZ Bar #030579)
Direct Dial: 602.601.2305
Email: gina@carrillolawpllc.com
Attorney for Jill Bowen

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jill Bowen,<br><br>        Plaintiff,<br><br>v.<br><br>City of Glendale,<br><br>        Defendant. | Case No. Enter text here<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff Jill Bowen files this Complaint and alleges as follows:

**PARTIES JURISDICTION AND VENUE**

1. Plaintiff Jill Bowen is an Arizona citizen who resides in Maricopa County.

2. Defendant City of Glendale (Glendale) has continuously been a municipal corporation in the state of Arizona under Article 13 of the Arizona Constitution at all times relevant to the complaint.

3. At all relevant times, Glendale has continuously acted directly or indirectly as an employer in relation to employees and has continuously been a public agency employer within the meaning of Sections 3(d) and (x) of the Fair Labors Standards Act (FLSA), 29 U.S.C. §§ 203(d) and (x).

Law Office of Jeffrey Silence, PLLC
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028

4. At all relevant times, Glendale has continuously been an employer within the meaning of Section 701(b) of Title VII, 42 U.S.C. § 2000e(b).

5. This case arises out of an employment relationship between Bowen and Glendale, which was performed in Maricopa County, Arizona.

6. This Court has jurisdiction over this matter under 28 U.S.C. § 451, 1331, 1337, and 1343.

7. Venue is proper in this court because the acts and omissions giving rise to Bowen' claims occurred in the District of Arizona.

## GENERAL ALLEGATIONS

8. In September 2017, Bowen began working for Glendale as a Temporary General Laborer in the Parks Department.

9. In July 2018, Bowen began working for Glendale as a Service Worker for the Solid Waste Department, Recycling Division.

10. Bowen and at least one other male interviewed for the position.

11. Bowen was hired at a rate of $19.01 per hour, or $39,533 per year.

12. At the time, Bowen was the only woman working as a Service Worker in the Recycling Division.

13. Five months later, in or around December 2018, the other male that Bowen had interviewed against was hired as a Service Worker in Container Delivery.

14. This male employee started working at a rate of $21.12 per hour, or $43,929.60 per year.

15. For Bowen and the male employee, the jobs shared the same job description.

16. During this time, Bowen and the male employee performed substantially equal work.

17. During this time, Bowen and the male employee performed jobs requiring comparable skill, effort, and responsibility.

18. During this time, Bowen and the male employee worked under similar conditions.

2

19. During that time, Glendale paid Bowen a lower rate than the male employee.

20. In February 2019, Bowen was promoted to the position of Solid Waste Management Inspector within the Solid Waste Department.

21. Bowen's new rate of pay was $20.19 per hour, or $42,000 per year.

22. When she was promoted, Bowen was the only woman working as a Solid Waste Management Inspector in the Solid Waste Department.

23. When Bowen was promoted, a male was hired to fill her position as a Service Worker in Container Delivery.

24. Upon information and belief, this male was paid at a rate of $21.12 per hour, or $43.929.60 per year.

25. Despite being promoted, Bowen was making less per hour in her new position than two males in a lower position than her.

26. At all times relevant to this complaint, Bowen has been the only female Inspector in the Solid Waste Department.

27. Upon information and belief, all other Inspectors in the Solid Waste Department are all male.

28. Upon information and belief, all Inspectors in the Solid Waste Department share the same job description.

29. Upon information and belief, Bowen and all other Inspectors in the Solid Waste Department perform substantially equal work.

30. Upon information and belief, Bowen and all other Inspectors in the Solid Waste Department performed jobs requiring comparable skill, effort, and responsibility.

31. In or around January 2020, the male that held the position of Bulk Trash Inspector in the Solid Waste Department was planning to retire.

32. Bowen was interested in changing positions from the Recycling Inspector to Bulk Trash Inspector because while the jobs are essentially identical, it would give her more experience in the department and potentially make her a better candidate for future

Carrillo Law, PLLC
4340 E Indian School Rd Ste #21-587
Phoenix, AZ 85018

3

leadership positions within the Solid Waste Department because she held more jobs in the Department.

33. Upon information and belief, no one else working in the Solid Waste Department wanted the position of Bulk Trash Inspector.

34. Despite communicating this information to her supervisor, Isidro Arias, Bowen was told that she would have to apply and compete for the position.

35. Bowen was required to do two job interviews for the position of Bulk Trash Inspector.

36. Upon information and belief, no other Solid Waste Department Inspector applied for or was interviewed for the position.

37. At the conclusion of the interview process, Bowen was told by her supervisor that she "Didn't get the position but that she got the position."

38. Because the City of Glendale classified the job as a lateral transfer, she was not permitted to request a pay increase.

39. Bowen did not receive another pay increase until her annual adjustment in July 2020 to $43,696 per year, or $21.00 per hour.

40. In or around December 2022, Bowen's supervisor Arias told her that he had to offer training opportunities to everyone because of Bowen.

41. In the past, Bowen had complained that she had been denied training opportunities.

42. Upon information and belief, she had been denied training opportunities because she is a woman.

43. On or about January 25, 2023, her supervisor Arias and Johnny Morales, Crew Leader, called Bowen into a meeting. She was told that there were four complaints made against her by citizens.

44. When Bowen pressed for more information on these complaints, Morales and Arias were not able to provide any specific information.

Carrillo Law, PLLC
4340 E Indian School Rd Ste #21-587
Phoenix, AZ 85018

4

45. Bowen's name was mentioned in only one complaint, which was not valid. To date none of the complaints have been found to have any validity.

46. When Bowen pushed back on the alleged complaints, Morales and Arias asked her if she was ok, if there was anything going on with her.

47. Arias told Bowen to give citizens Morales' business card if things were too hard for her to handle.

48. Bowen complained to HR because she felt that she was treated differently because she is female.

49. Specifically, Bowen believes that her mental health and abilities were questioned only because she is a woman.

50. To date Morales and Arias have received no disciplinary action as a result of Bowen's complaints.

51. Between July 2018 and the present, Bowen applied for thirteen open positions within the City of Glendale within the Solid Waste Department, the Code Compliance Department, and other departments in the City.

52. Despite being qualified for all positions, Bowen was only asked to interview for five.

53. Despite being qualified for all positions, she was not selected for any of the positions that she applied for.

54. Upon information and belief, almost all the individuals hired for the positions that Bowen applied for were men.

55. Upon information and belief, Bowen was more qualified than some of the males that were hired into these roles.

56. For example, in September 2022, Bowen applied for a position in the Code Compliance Department.

57. After the interview process was complete, Bowen was not offered a position.

58. Upon information and belief, at least nine people were hired for the position that Bowen applied and interviewed for.

5

59. On information and belief, only one of the individuals hired is a woman.

60. In July 2022, Bowen was paid $48,177 per year, or $23.16 per hour.

61. On or about June 8, 2023, Bowen met with Amy Moreno, the Solid Waste Superintendent.

62. Moreno told Bowen city had found a discrepancy in her pay and she was going to immediately get a pay raise to $53,000 per year, or $25.48 per hour.

63. On or about June 16, 2023, Bowen contacted LeJeune Boone, HR Business Partner for the City of Glendale and Naomi Jackson, HR Administrator for the City of Glendale via email.

64. Bowen stated that she had follow up questions concerning the discrepancy in her pay.

65. Bowen alleged that she believed the oversight in her salary was because she is a woman.

66. Bowen requested retroactive pay for the discrepancy in pay.

67. The same day, Boone replied, stating that Glendale "generally [does] not retro active salary adjustments [sic], however, I will consult with the HR Director and once a determination has been made I will advise you."

68. To date, Bowen has not received a response to this initial complaint.

69. Bowen filed a Charge of Discrimination alleging sex discrimination with the Equal Employment Opportunity Commission on July 10, 2023.

70. Bowen received her Notice of Right to Sue from the EEOC on August 11, 2023.

## COUNT ONE
### Equal Pay Act

71. The allegations in the foregoing paragraphs are incorporated by reference.

72. Since at least December 2018, Glendale has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) by paying Bowen lower rates than paid to male employees of the City of Glendale.

73. Bowen and her male colleagues performed equal work on jobs that required equal skill, effort, and responsibility.

74. Bowen and her male colleagues performed their jobs under similarly working conditions.

75. Throughout her employment, Bowen was paid less than her comparable male colleagues.

76. Any differential in pay was only based on sex.

77. Glendale has withheld and continues to withhold the payment of wages due to Bowen.

78. The unlawful employment practices complained of in the preceding paragraphs were and are willful.

## COUNT TWO

### Title VII of the Civil Rights Act of 1964 – Sex Discrimination

79. The allegations in the foregoing paragraphs are incorporated by reference.

80. Since at least December 2018, the City of Glendale has engaged in unlawful employment practices in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Bowen to discrimination based on her sex, female.

81. Bowen repeatedly applied for other positions in the City of Glendale.

82. Bowen was not selected for any of these positions.

83. Upon information and belief, almost all men were hired for those positions.

84. Bowen's supervisors questioned her ability to do her job because she is a female.

85. Bowen's work conditions were altered because she was more closely scrutinized because of her sex, female.

86. Bowen has not been afforded the same training opportunities because of her sex, female.

87. Bowen was not paid the same wages because she is a female.

Carrillo Law, PLLC
4340 E Indian School Rd Ste #21-587
Phoenix, AZ 85018

7

88. Bowen has not been afforded the same job opportunities or benefits because of her sex, female.

89. The effect of the practices complained of in the foregoing paragraphs has been to deprive Bowen of equal employment opportunities and otherwise adversely affected his employment status because of her sex, female.

90. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

91. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to Bowen's federally protected rights.

## JURY TRIAL DEMAND

Bowen demands a jury trial on all claims and issues set forth herein.

## REQUEST FOR RELIEF

Jill Bowen requests a judgment against the City of Glendale as follows:

a. For unpaid wages;

b. For liquidated damages in the amount of her back wages;

c. For compensatory damages;

d. For consequential damages;

e. For reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b) and Title VII;

f. For costs pursuant to 29 U.S.C. § 216(b) and Title VII;

g. For interest on the foregoing amounts at the highest legal rate from the date of Judgment until paid; and

h. For such other and further relief as is proper and just.

RESPECTFULLY SUBMITTED this 22nd day of August, 2023.

                              **Carrillo Law, PLLC**

                              /s/ Gina Carrillo
                              **Gina Carrillo**
                              *Attorney for Jill Bowen*

Carrillo Law, PLLC
4340 E Indian School Rd Ste #21-587
Phoenix, AZ 85018

9